**Application of Theodore F. STEVENS For admission to the Alaska Bar Association.**

**No. 64.**

Supreme Court of Alaska.
Aug. 8, 1960.

Clifford J. Groh, Harold J. Butcher and Peter J. Kalamarides, President, Secretary and Chairman, Admission and Reciprocity Committee of the Alaska Bar Association, respectively, Anchorage, for applicant.

James E. Fisher, Anchorage, objecting.

Before NESBETT, C. J. and DIMOND and AREND, JJ.

NESBETT, Chief Justice.

The Board of Governors of the Alaska Bar Association certified to this court that applicant was qualified to be admitted to the Bar by reciprocity. Objection to applicant's admission was filed based on the ground that applicant's actual continuous residence in Washington, D. C. for the preceding four years disqualified him under the residence requirements of Alaska law. The applicable provisions of Alaska law which govern are quoted below.[1]

---

1. Sec. 9, Ch. 196, S.L.A.1955, as amended by Sec. 1, Ch. 33, S.L.A.1957 (§ 35-2-77i A.C.L.A.Cum.Supp.1957) as amended by Sec. 4, Ch. 178 S.L.A.1960, provides in part as follows:

"Section 9. Eligibility for Admission. Any person may apply and shall be eligible for admission to the Alaska Bar, upon examination or by reciprocity as provided in this Act, if such person (1) is a citizen of the United States, over 21 years of age, and has been a resident of Alaska for at least 90 days prior to the date of application for admission by examination or by reciprocity, and the date for the examination for admission or for certification by the Board of Governors that the person be admitted on reciprocity shall be at least 90 days after the application is made; * * *."

Sec. 11, Ch. 196, S.L.A.1955 (§ 35-2-77k A.C.L.A.Cum.Supp.1957) as amended by Sec. 5, Ch. 178 S.L.A.1960, provides as follows:

"Section 11. Procedure for Admission. The Board of Governors shall pass upon all applications for permission to practice law before the courts of Alaska, and when satisfied that an applicant has the requisite qualifications to

The question presented is whether the requirement that an applicant have been a "resident" of Alaska for the stated period before making application should be interpreted to mean that applicant must have been physically present in Alaska for the time stated. This court is of the opinion that it should not be so interpreted.

Evidence presented at the hearing disclosed that applicant's request for admission on reciprocity was considered several times by the Board of Governors between December 11, 1955 and May 26, 1960. On December 1, 1956, his application was denied on the ground that he was not an "actual resident" of Alaska. The Board, however, agreed to reconsider the matter and on February 6, 1960, the Secretary of the Board advised applicant to affirmatively establish his residence in Alaska by affidavit. This had not previously been done.

Pursuant to the request of the Secretary, applicant then filed with the Board an affidavit dated March 5, 1960, which reads in pertinent part as follows:

"Theodore Fulton Stevens, having been duly sworn, on oath states:

"That I moved to Fairbanks, Alaska, in March 1953, and resided there continuously until June 9, 1956;

"That I was United States Attorney in Fairbanks, Alaska, from September 1, 1953, to June 8, 1956;

"That I am a legal resident of Alaska, having voted in Alaska continuously since becoming qualified to vote there;

"That I have not become a legal resident of any other State, and that I have not voted in any State other than Alaska since 1956;

"That I have continued to assert my legal residence as Fairbanks, Alaska, based upon the following facts: 1) When I left Fairbanks to accept my present position with the Federal Government my legal residence was Fairbanks, Alaska; 2) that I made known my intention to maintain Fairbanks as a legal residence to many friends before leaving Alaska in 1956; 3) that I have voted as an absentee in the general elections held in Alaska since 1956; 4) that it is still my intention to return to Alaska and maintain my home there; and 5) that my claim of legal residence was reaffirmed by an eminent attorney from Fairbanks, Alaska, when the latter was asked for advice by me as to whether he concurred in my position that I was a legal resident of Alaska, entitled to vote there by absentee ballot;

"and, that I declare, that to the best of my knowledge and belief, I am now a legal resident of the State of Alaska."

In addition to the affidavit it was established that applicant had been employed in a private law office in Fairbanks, Alaska, from April 8, 1953, to August 1, 1953. An investigation by a member of the Board of Governors verified applicant's claim that he had voted in Alaska by absentee ballot at all general elections since his departure in June of 1956, to accept employment with the United States Government in Washington, D. C. No evidence was introduced that contradicts any of applicant's statements. On May 27, 1960, the Board of Governors reconsidered applicant's request for admission and found him to be qualified.

It is the view of this court that it was the intent of the legislature that the word "resident" be construed as being synonymous with "domicile". This appears to be the view adopted by the courts of other jurisdictions where the use of the word "resident" is not qualified by further language.[2]

practice as an attorney and counselor, the Board shall so certify to the Supreme Court of Alaska. Upon receiving such certification, unless objection be raised therein within five days, the Court shall make an order admitting the applicant, and the Clerk shall issue him a certificate of admission. In the event that an objection is raised, the sufficiency thereof shall be finally determined within thirty days."

2. Baker v. Varser, 1954, 240 N.C. 260, 82 S.E.2d 90, 96.

The uncontradicted facts upon which the Board of Governors acted in this case show that applicant came to Alaska in March of 1953, was employed in a private law office in Fairbanks until September of 1953, when he became United States Attorney there, serving in this position until June of 1956. Applicant departed Alaska in June of 1956 to accept employment with the United States Government in Washington, D. C. and is still so employed there. He has voted in Alaska by absentee ballot in the general elections in Alaska since his departure and has on many occasions since stated that his intent was to maintain his Alaska residence and eventually return to maintain his home there.

We hold that under these facts the finding of the Board of Governors was justified, the objection has not been sustained and applicant will be admitted to the Alaska Bar.